IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02138-WYD-BNB

WILLIAM WILSON,

Plaintiff,

v.

CITY OF AURORA, Colorado, a municipality,
DANIEL OATES, Chief of the Aurora Police Department, in his individual capacity,
RICKY BENNETT, Former Chief of the Aurora Police Department, in his individual capacity,
TERRY JONES, Former Acting Chief of the Aurora Police Department, in his individual capacity,
KENNETH HAITHCOAT, Former Detective in the Aurora Police Department, in his individual capacity,
PAT SMITH, Sergeant in the Aurora Police Department, in his individual and official capacity,
STEVEN COX, Detective in the Aurora Police Department, in his individual and official capacity,
CAROL CHAMBER, district Attorney of the Eighteenth Judicial District, in her official capacity
CAROLYN O'HARA, Formal Deputy District Attorney of the Eighteenth Judicial District, in her individual capacity,
JIM PETER, Former District Attorney of the Eighteenth Judicial District, in his individual capacity, and
EIGHTEENTH JUDICIAL DISTRICT of COLORADO, political subdivision of the State of Colorado,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the following:

1. **Defendants City of Aurora, and Daniel Oates, Pat Smith and Steven Cox in their Official Capacities Motion to Dismiss Amended Complaint and Jury Demand Pursuant to F.R.C.P. 12(b)(6) with Authority** [Doc. #77, filed 12/11/2009];

2. **Motion to Dismiss and/or Motion for Summary Judgment of Defendants Chambers, Peters and O'Hara Re Plaintiff's Amended Complaint** [Doc. #79, filed 12/11/2009];

3. **Motion to Dismiss Plaintiff's Amended Complaint . . . Pursuant to Fed.R.Civ.P. 12(b)(6) of Defendant Pat Smith, in His Individual Capacity, with Authority** [Doc. #82, filed 12/11/2009];

4. **Defendants Ricky Bennett and Terry Jones' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) Based Upon Qualified Immunity . . . .** [Doc. #83, filed 12/11/2009]; and

5. **Joint Motion to Dismiss Individual Aurora Defendants Cox and Haithcoat Based on Qualified Immunity Pursuant to Fed.R.Civ.P. 12(b)(6)** [Doc. #84, filed 12/11/2009].

I respectfully RECOMMEND that the motions be GRANTED and that the case be dismissed in its entirety.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as seeking summary judgment pursuant to Fed. R. Civ. P. 56 when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). Here, defendants Chambers, Peters, and O'Hara have attached an exhibit to their motion [Doc. #79]. The defendants do not submit an affidavit in an attempt to lay a foundation for the exhibit, establish its authenticity, or provide any basis upon which to find an exception to its exclusion under the Hearsay Rule. I do not refer to the exhibit in my analysis of the motions. Therefore, I need not convert Chambers, Peters, and O'Hara's motion into one for summary judgment. Fed.R.Civ.P. 12(d).

## II. BACKGROUND

The plaintiff filed his initial Complaint on September 8, 2009 [Doc. #1]. The defendants filed dispositive motions in response to the Complaint [Docs. #39, #42, #45, #47, #51, and #54]. The plaintiff filed an Amended Complaint and Jury Demand (the "Amended Complaint") as a matter of right on November 19, 2009 [Doc. #66]. Because the defendants' dispositive motions were all directed to the initial Complaint, they were denied without prejudice. The defendants have all filed amended motions to dismiss the Amended Complaint.

The Amended Complaint is 71 pages in length and contains 158 paragraphs of allegations. The Amended Complaint is prolix and redundant, and it is replete with conclusory allegations. The Amended Complaint alleges that the defendants violated the plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights, and that their actions also constitute abuse of process, intentional infliction of emotional distress, and extreme and outrageous conduct.

The Amended Complaint asserts seven claims:

The plaintiff's first claim is for malicious prosecution and is brought pursuant to the Fourth and Fourteenth Amendments. Specifically, Claim One alleges that the defendants acted without probable cause in securing a search warrant for his business records, destroying his business, and leaving him open to "possible arrest and prosecution." Id. at pp. 47-50.

Claim Two alleges that in violation of the Fourteenth Amendment the defendants "hid and/or destroyed a substantial amount of exculpatory evidence that they knew would have vitiated probable cause to issue a search warrant, prosecute, and to destroy Wilson's business for the alleged misconduct." Id. at p. 51.

Claim Three alleges that in violation of the Fourteenth Amendment the defendants conspired to fabricate inculpatory evidence to create probable cause for a search warrant of the plaintiff's business records in order to prosecute the plaintiff. Id. at pp. 57-60.

The plaintiff's fourth claim is for "Unreasonable Seizure/Prosecution Without Probable Cause" and is brought under the Fourth Amendment. Id. at p. 60. Claim Four alleges that the defendants "sought Wilson's business records and instituted legal process against him by acting with knowledge that there was not a substantial probability that Wilson had committed any crime." Id. Specifically, the plaintiff alleges that the defendants prepared "an affidavit

4

containing false statements in support of the search and seizure of Wilson's records" and omitted "information that would have vitiated probable cause from the affidavits for the search and seizure warrant of Wilson's business records." Id. at pp. 60-61.

Claim Five alleges that the defendants' actions constitute racial discrimination in violation of the Fourteenth Amendment. Id. at pp. 63-66.

Claim Six alleges that the defendants conspired to "deprive Wilson of his Fourth and Fourteenth Amendment rights under the United States Constitution by bringing about his wrongful search and seizure, destruction of his business, and prosecution, in spite of knowledge that the great weight of evidence did not support any probable cause to initiate any action against Wilson." Id. at p. 67.

Claim Seven alleges that the defendants' actions constitute abuse of process, intentional infliction of emotional distress, and extreme and outrageous conduct. Id. at p. 69.[1]

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

The plaintiff is suing defendant Carol Chambers in her official capacity as the District Attorney for the Eighteenth Judicial District. *Amended Complaint*, p. 12. Chambers asserts that she is entitled to Eleventh Amendment immunity. *Motion to Dismiss and/or Motion for Summary Judgment of Defendants Chambers, Peters and O'Hara Re Plaintiff's Amended Complaint* [Doc. #79], p. 7.

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

5

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03,105-06 (1984). The District Attorney for the Eighteenth Judicial District is an executive officer of the state and is, therefore, entitled to Eleventh Amendment immunity. Rozek v. Topolnicki, 865 F.2d 1154, 1158 (10th Cir. 1989). Consequently, the Eleventh Amendment bars suit against Chambers in her official capacity for retroactive monetary relief. I respectfully RECOMMEND that the plaintiff's claims against defendant Chambers in her official capacity for retroactive monetary relief be DISMISSED for lack of subject matter jurisdiction.

### B. Constitutional Claims

Claims One through Six are brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The defendants assert that Claims One through Six are barred by the statute of limitation. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S.

Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

Here, the Amended Complaint alleges that the affidavit for the search warrant was dated in May 2003; the "[i]llegal search and seizure" was conducted in May 2003; and the efforts to put the plaintiff out of business occurred between January 2003 and December 2004.[2] *Amended Complaint*, p. 15. The plaintiff did not file his initial Complaint until September 8, 2009. Absent tolling, all constitutional claims regarding these actions are barred by the two year statute of limitation.

---

[2]As to his vague allegations regarding a possible prosecution, the plaintiff admits that "[n]o criminal prosecutions were ever developed or filed based on Defendants' original allegations, and the Statute of Limitation for filing such charges had expired in 2008." *Amended Complaint*, p. 2. He also states that although two of the defendants have filed new charges against him "based on new fabricated sets of allegations," this lawsuit does not address the "new set of fabricated allegations." Id. at pp. 16, 38.

7

The issue of tolling is governed by Colorado state law. See Fratus, 49 F.3d at 675. Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff asserts that he is entitled to tolling on his Fourth Amendment claims because "[i]t was not until late 2008 that Wilson (through released discovery) began to discover the numerous material omissions and fabrications in the affidavit of the 2003 search warrant." *Plaintiff's Response in Opposition to Motion to Dismiss Plaintiff's Amended Complaint . . . .* [Doc. #102], p. 31; *Plaintiff's Response in Oppossition* [sic] *to Defendants Rick Bennett and Terry Jones' Motion to Dismiss . . . .* [Doc. #103], p. 32; *Plaintiff's Response in Opposition to Joint Motion to Dismiss . . . .* [Doc. #104], p. 31; *Plaintiff's Response in Opposition to City of Aurora Motion to Dismiss . . . .* [Doc. #105], p. 32; and *Plaintiff's Response in Oppossition* [sic] *to Motion to Dismiss* [Doc. #106], p. 3. He does not explain the nature of the "released discovery" or why it was only through this material that he could discover the illegality of the search and seizure of his business records. He merely concludes that "[i]t was solely by virtue of Defendants' conduct that prevented Wilson from learning he had viable Fourth Amendment claims." Id.

However, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Johnson v. Johnson County Commission Board, 925 F.2d 1299, 1301 (10th Cir. 1991). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause

8

of action to accrue." Baker v. Board of Regents of State of Kansas., 991 F.2d 628, 632 (10th Cir. 1993). The law requires only that the claimant "knows or has reason to know of the injury" before the limitation period begins to run. Id.

The plaintiff alleges in the Amended Complaint that the search and seizure occurred in 2003. He further alleges that he was present when the search warrant was executed. *Amended Complaint* pp. 34-35, ¶¶ 46-47. It is not plausible under the allegations of the Amended Complaint that tolling would apply to extend the accrual date of this event.

The plaintiff also alleges that the defendants have been conspiring against him from 2002 until late 2008 or 2009. Id. at pp. 15, 21. In order to state a valid claim of conspiracy under section 1983, a plaintiff must allege specific facts that show agreement and concerted action among the defendants. Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998) (citing Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994)). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Id.

The plaintiff alleges that the defendants' conspiracy had three objectives: (1) to illegally obtain his business records; (2) to put him out of business; and (3) to "[i]llegally [i]ndict, arrest, prosecute, and incarcerate Wilson by any means possible." *Amended Complaint*, p. 22. The allegations regarding his business and his business records are barred by the statute of limitations as discussed above, and the plaintiff does not set forth any factual allegations to show an affirmative agreement between the defendants to "[i]llegally [i]ndict, arrest, prosecute, and incarcerate" him. To the contrary, the allegations regarding the defendants' third "objective" are vague and conclusory, and they do not state a claim for deprivation of a constitutional right. For example, the plaintiff alleges:

9

> Pursuant to the conspiracy, through these years (2002 - 2008), Defendants attempted to recruit other law enforcement officials, both state and federal officials, to assist them achieve [sic] their goal of prosecuting Wilson. Defendants used Wilson's race and national origin as a cause and motive for other officials to join the Defendants' cause. Defendants were searching for other officials who share their common view of hating Wilson because of Wilson [sic] race and national origin.

Id. at p. 34, ¶ 45.

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations and citation omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49. The plaintiff has failed to allege sufficient facts to state a plausible claim of relief against the defendants for conspiracy to "[i]llegally [i]ndict, arrest, prosecute, and incarcerate" him.

To the extent the plaintiff attempts to rely on the doctrine of continuing violation to bring his claims within the limitation period, the Tenth Circuit Court of Appeals has not expressly extended the continuing violation doctrine to section 1983 actions. Hunt, 17 F.3d at 1266; Slusher v. Gabler, 36 F.3d 1105, 1994 WL 504310, *2 (10th Cir. Sept. 15, 1994).

In Hunt, the court nevertheless recognized that "an allegation of a conspiracy constitutes a viable claim under § 1983, even if the alleged conspiracy began at a point that would be barred by the statute of limitations." Hunt, 17 F.3d at 1266. "[W]hat matters for statute of limitations

purposes is the date on which the conspiracy claim accrued, not the date that the defendants allegedly commenced their conspiracy." Id. The court found that Mr. Hunt's conspiracy claim could not survive because Mr. Hunt, like the plaintiff in this case, had failed to allege specific facts "showing agreement and concerted action" between the defendants. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

Slusher presented a similar situation:

> Even assuming application of the continuing violation doctrine here, Slusher's allegations of conspiracy do not qualify. As a preliminary matter, it is clear the alleged conspiracy claim accrued in February of 1989. Slusher was obviously aware of the searches as they were taking place. Moreover, the allegations regarding a supposed conspiracy are conclusory at best. The complaint does not allege specific facts "showing agreement and concerted action" among the defendants. Hunt, 17 F.3d at 1266. Slusher's attempts to lengthen the filing period through these allegations is unavailing. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989) ("Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim."). Because the action was not brought within two years of February, 1989, it is barred.

Slusher, 36 F.3d 1105, 1994 WL 504310, *2.

In a more recent unpublished case, the circuit court assumed (without deciding) that the continuing violation doctrine applied to a section 1983 action. McCormick v. Farrar, 147 Fed. Appx. 716, 720 (10th Cir. August 30, 2005). The court made clear that at least one act had to occur within the statutory filing period, and the doctrine could not be used "to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt." Id. (citing Bergman v. United States, 751 F.2d 314, 317 (10th Cir. 1984) ("A

11

continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." (citation and quotation omitted)).

The plaintiff has not sufficiently alleged that an unlawful act has occurred within the statutory period. To the contrary, although he provides some factual allegations regarding the defendants' actions in securing and executing the search warrant and in ruining his business from May 2003 until December 2004, *Amended Complaint*, pp. 23-33, his allegations regarding the defendants' subsequent actions are without sufficient factual basis to state a claim for conspiracy under section 1983.[3]

### C. State Law Claims

Claim Seven alleges that the defendants' actions constitute abuse of process, intentional infliction of emotional distress, and extreme and outrageous conduct. This court may decline to exercise supplemental jurisdiction over the plaintiff's state tort claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's constitutional claims fail, I recommend that the court decline to exercise supplemental jurisdiction over the remaining state tort claims. I respectfully RECOMMEND that Claim Seven be DISMISSED WITHOUT PREJUDICE.[4]

---

[3]The plaintiff claims that he "did not know, and could not have known enough facts concerning Defendants' ongoing conspiracy against him (from 2003 - to 2008) until mid 2008 when Wilson received discovery materials from Haithcoat and Jones in connection with the ongoing conspiracy to prosecute him" Id. at pp. 38-39, ¶¶ 54-55 (emphasis in original). To the extent he is attempting to argue that these claims did not accrue until mid-2008, the argument is moot because he has failed to state a claim for conspiratorial activities beyond 2004.

[4]As a result of my determination that the plaintiff's claims must be dismissed on the foregoing grounds, I do not address the defendants' remaining arguments.

## IV. CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the plaintiff's claim against defendant Chambers in her official capacity for retroactive monetary relief be DISMISSED based on Eleventh Amendment immunity.

I further RECOMMEND that the Motions be GRANTED to the extent they seek dismissal of Claims One through Six.

I further RECOMMEND that Claim Seven be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 19, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge