IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02138-WYD-BNB

WILLIAM WILSON,

Plaintiff,

v.

CITY OF AURORA, Colorado, a municipality,
DANIEL OATES, Chief of the Aurora Police Department, in his individual capacity,
RICKY BENNETT, Former Chief of the Aurora Police Department, in his individual capacity,
TERRY JONES, Former Acting Chief of the Aurora Police Department, in his individual capacity,
KENNETH HAITHCOAT, Former Detective in the Aurora Police Department, in his individual capacity,
PAT SMITH, Sergeant in the Aurora Police Department, in his individual and official capacity,
STEVEN COX, Detective in the Aurora Police Department, in his individual and official capacity,
CAROL CHAMBER, district Attorney of the Eighteenth Judicial District, in her official capacity
CAROLYN O'HARA, Formal Deputy District Attorney of the Eighteenth Judicial District, in her individual capacity,
JIM PETER, Former District Attorney of the Eighteenth Judicial District, in his individual capacity, and
EIGHTEENTH JUDICIAL DISTRICT of COLORADO, political subdivision of the State of Colorado,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Leave to File Second Amended Complaint** [Doc. #118, filed 06/30/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff filed his initial Complaint on September 8, 2009 [Doc. #1]. The defendants filed dispositive motions in response to the Complaint [Docs. #39, #42, #45, #47, #51, and #54].

On November 19, 2009, the plaintiff was permitted to amend his Complaint as a matter of right to "clarify his claims" and to "clarify facts pertaining to the statute of limitations" [Doc. #67]. Consequently, the defendants' dispositive motions were denied without prejudice. Id. The defendants again filed dispositive motions in response to the Amended Complaint [Docs. #77, #79, #82, #83, and #84]. I have issued a Recommendation to grant the motions and dismiss the case in its entirety [Doc. #115].

The plaintiff seeks leave to file a second amended complaint to add claims and once more "clarify facts pertaining to the Statute of Limitation issue." *Motion*, p. 2, ¶ 5. The proposed second amended complaint is deficient for many reasons.

As a preliminary matter, the proposed second amended complaint is not on the court's form. "A pro se party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

In addition, Rule 8, Fed.R.Civ.P., requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R.Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken

2

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Rather than being concise and direct, the plaintiff's proposed amended complaint is prolix and tedious.[1]  The proposed amended complaint is 70 pages in length, with an additional 38 pages of attached exhibits.  The "Supporting Factual Allegations" consist of 75 paragraphs of largely conclusory allegations.  The plaintiff asserts 12 claims for relief, and each claim has at least four subclaims and a catch-all claim for "All Additional Applicable Constitutional Law Violations."  The plaintiff does not specify how each defendant is implicated in each of the causes of action.  Indeed, the plaintiff frequently refers to the defendants collectively.  For example, Claim Twelve states:[2]

**TWELFTH CLAIM FOR REFIEF**
**42 U.S.C. § 1981 § 1983 § 1985(3) § 1986**
**Declaratory and Injunctive Relief**
**(4th and 14th Amendment Procedural Due Process Violation)**
**(Plus All Additional Applicable Constitutional Law Violations)**
**(Against All Defendants)**

176. Plaintiff Hereby incorporates, by reference, all paragraphs on his complaints as if fully set forth herein.

177. Plaintiff seeks a declaratory and injunctive relief against all Defendants declaring that their conduct for the past eight years, individually, and as co-conspirators, had violated Wilson's Constitutional rights.

---

[1] The plaintiff's Amended Complaint "is 71 pages in length and contains 158 paragraphs of allegations.  The Amended Complaint is prolix and redundant, and it is replete with conclusory allegations." *Recommendation of United States Magistrate Judge* [Doc. #115], p. 4.  Consequently, the task of analyzing the Amended Complaint with regard to the defendants' dispositive motions was extremely burdensome and time consuming.

[2] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

3

> 178. Plaintiff also seek an injunctive relief against all defendants
> since the threat of future retaliation against Wilson from
> Defendants is almost certain.

*Proposed Second Amended Complaint*, p. 68 (emphasis in original).

I am aware that the plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, <u>Haines v. Kerner</u>, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff's proposed second amended complaint utterly fails to comply with Rule 8.

A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

I have recommended dismissal of the Amended Complaint because the plaintiff failed to allege any plausible claim within the statutory period. The proposed second amended complaint suffers the same deficiencies. It does not contain any new factual allegations relating to any specific unconstitutional acts occurring within the limitations period, nor does it present any reasonable argument for tolling the limitations period.[3]

Moreover, the proposed amendments come too late. The Tenth Circuit Court of Appeals has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when

---

[3]The plaintiff brings his additional claims under 42 U.S.C. §§ 1981, 1985(3), and 1986. None of those statutes contain a limitation period. Therefore, they are subject to the same two year statute of limitation as his original claims under 42 U.S.C. § 1983. See <u>Reynolds v. School Dist. No. 1</u>, 69 F.3d 1523, 1532 (10th Cir. 1995).

4

the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id. (internal quotations and citation omitted).

The proposed second amended complaint adds claims eight through twelve. The plaintiff knew of the facts underlying these claims at the time he filed his initial Complaint and his Amended Complaint because the new claims are based on the same alleged facts relied upon by the plaintiff for his other claims. The plaintiff has had ample opportunity to assert these claim in his initial Complaint and his Amended Complaint. The plaintiff does not provide any reasonable explanation for his failure to do so.

The defendants have filed dispositive motions addressing the allegations of both the initial Complaint and the Amended Complaint. I have spent an enormous amount of time sorting through the plaintiff's claims as asserted in his Amended Complaint. As stated by the circuit court:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation . . . . Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

Pallottino, 31 F.3d 1027 (internal quotations and citations omitted).

The plaintiff filed his initial Complaint on September 8, 2009. The case is now almost one year old. Allowing the plaintiff to amend his claims again would be the equivalent of starting over.

I respectfully RECOMMEND that the plaintiff's Motion for Leave to File Second Amended Complaint [Doc. #118] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 27, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge