IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02138-WYD-BNB

WILLIAM WILSON,

    Plaintiff,

v.

CITY OF AURORA, COLORADO, a municipality;
DANIEL OATES, Chief of the Aurora Police Department, in his official capacity;
RICKY BENNETT, Former Chief of the Aurora Police Department, in his individual capacity;
TERRY JONES, Former Acting Chief of the Aurora Police Department, in his individual capacity;
KENNETH HAITHCOAT, Former Detective in the Aurora Police Department, in his individual capacity;
PAT SMITH, Sergeant in the Aurora Police Department, in his individual and official capacities;
STEVEN COX, Detective in the Aurora Police Department, in his individual and official capacities;
CAROL CHAMBERS, District Attorney of the Eighteenth Judicial District in her official capacity;
CAROLYN O'HARA, Former Deputy District Attorney fo the Eighteenth Judicial District, in her individual capacity;
JIM PETERS, Former District Attorney of the Eighteenth Judicial District, in his individual capacity; and
EIGHTEENTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of Colorado,

    Defendants.

**ORDER ADOPTING AND AFFIRMING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on the following motions: (1) Defendants City

of Aurora, and Daniel Oates, Pat Smith and Steven Cox in their Official Capacities

Motion to Dismiss Amended Complaint and Jury Demand Pursuant to F.R.C.P. 12(b)(6) with Authority (ECF No. 77, filed 12/11/2009); (2) Motion to Dismiss and/or Motion for Summary Judgment of Defendants Chambers, Peters and O'Hara Re Plaintiff's Amended Complaint (ECF No. 79, filed 12/11/2009); (3) Motion to Dismiss Plaintiff's Amended Complaint . . . Pursuant to Fed.R.Civ.P. 12(b)(6) of Defendant Pat Smith, in His Individual Capacity, with Authority (ECF. No. 82, filed 12/11/2009); (4) Defendants Ricky Bennett and Terry Jones' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) Based Upon Qualified Immunity . . . (ECF No. 83, filed 12/11/2009)]; (5) Joint Motion to Dismiss Individual Aurora Defendants Cox and Haithcoat Based on Qualified Immunity Pursuant to Fed.R.Civ.P. 12(b)(6) (ECF No. 84, filed 12/11/2009); and (6) Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 118, filed 6/30/2010). Pursuant to the Order of Reference dated September 11, 2009, these motions were referred to Magistrate Judge Boyd N. Boland for a recommendation.

On May 19, 2010, Magistrate Judge Boland issued a Recommendation on the Defendants' motions to dismiss ("Recommendation No. 1"). On July 27, 2010, Magistrate Judge Boland issued a Recommendation on Plaintiff's Motion for Leave to File Second Amended Complaint ("Recommendation No. 2"). The Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Magistrate Judge Boland recommends therein that Defendants' motions to dismiss be granted and Plaintiff's motion for leave to file a Second Amended Complaint be denied. The Recommendations advised the parties that specific written objections

were due within fourteen (14) days after being served with a copy of the Recommendations. Plaintiff filed a timely objections to both Recommendations which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matters are dispositive.[1]  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.  RECOMMENDATION NO. 1

   A.  Statute of Limitations

Magistrate Judge Boland recommends that Plaintiff's Constitutional claims are barred by the two-year statute of limitations applicable to civil rights claims. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitations for the § 1983 action asserted herein is two years under Colorado law. *Id.* at 1266; Colo. Rev. Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). (Recommendation

---

[1] In an abundance of caution, the Court will treat Plaintiff's Motion for Leave to File Second Amended Complaint as dispositive since it implicates new claims for relief or could remove a claim from this action. *See Chavez v. Hatterman*, 2009 WL 82496 *1 (D. Colo. 2009).

-3-

at 7.)

Magistrate Judge Boland found that Plaintiff's Amended Complaint alleges the following: (1) that the affidavit for the search was dated May 2003; (2) Defendants conducted the alleged illegal search and seizure in May 2003; and (3) Defendants allegedly forced Plaintiff out of business between January 2003 and December 2004. (Am. Compl. at 15.) Moreover, Plaintiff did not file his initial Complaint until September 8, 2009. Thus, absent tolling, Magistrate Judge Boland found that "all constitutional claims regarding these actions are barred by the two year statute of limitations." (Recommendation at 7.)

Magistrate Judge Boland stated that Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." (Recommendation at 8.) In the Recommendation, Magistrate Judge Boland rejected Plaintiff's argument that he is entitled to tolling on his Constitutional claims because he did not discover the "numerous material omissions and fabrications in the affidavit of the 2003 search warrant" until late 2008. (Recommendation at 8.) Magistrate Judge Boland found that Plaintiff did not provide any evidence or "explain the nature of the released discovery or why it was only through this material that he could discover the illegality of the search and seizure of his business records." (Recommendation at 8.) Magistrate Judge Boland goes on to state that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have

-4-

accrued when the actions actually occur." (Recommendation at 8) (internal citations omitted). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." (Recommendation at 8) (internal citations omitted).

Here, Plaintiff alleges that the search and seizure occurred in 2003. He further alleges that he was present during the search. Thus, Magistrate Judge Boland concluded that it is not plausible under the allegations of the Amended Complaint that tolling would apply to extend the actual date of the events. (Recommendation at 9.)

Magistrate Judge Boland also notes that Plaintiff alleges that the Defendants have been conspiring against him from 2002 until late 2008 or 2009. In order to state a valid claim of conspiracy under Section 1983, a plaintiff must allege specific facts that show agreement and concerted action among the defendants. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.* Magistrate Judge Boland found that

> The plaintiff alleges that the defendants' conspiracy had three objectives: (1) to illegally obtain his business records; (2) to put him out of business; and (3) to '[i]llegally [i]ndict, arrest, prosecute, and incarcerate Wilson by any means possible.' Amended Complaint, p. 22. The allegations regarding his business and his business records are barred by the statute of limitations as discussed above, and the plaintiff does not set forth any factual allegations to show an affirmative agreement between the defendants to '[i]llegally [i]ndict, arrest, prosecute, and incarcerate' him. To the contrary, the allegations regarding the defendants' third 'objective' are vague and conclusory, and they do not state a claim for deprivation of a constitutional right.

(Recommendation at 9) (internal citations omitted). Setting forth a detailed analysis, Magistrate Judge Boland also rejected Plaintiff's attempts to rely on the doctrine of continuing violation to bring his claims within the limitations period. (Recommendation at 10-12.) Thus, Magistrate Judge Boland concluded that Plaintiff's Constitutional claims (Claims One through Six) are barred by the statute of limitations and should be dismissed.

On June 30, 2010, Plaintiff filed a timely objection. As a preliminary matter, I point out that it was difficult to determine what Plaintiff's objections to Magistrate Judge Boland's Recommendation were. Plaintiff's objections consist of restatements of the law, broad conclusory allegations about the motives and actions of the individual Defendants, and a general rehashing of his claims. Despite the nebulous nature of Plaintiff's objections, I will address them to the extent I can ascertain the basis for the objections.

First, Plaintiff objects to the Recommendation because it states that Plaintiff should have filed this case within the two-year time period allowed by the Federal Rules of Civil Procedure. According to Plaintiff, his Constitutional claims did not accrue until mid-2008. Plaintiff argues that "[b]ecause Defendants can no longer prosecute these claims, therefore, they are final and ripe for this lawsuit." (Objection at 5.) Again, Plaintiff argues that he has been the victim of an "Eight-Years Ongoing Conspiracy" and restates his factual allegations. (Objection at 5.)

Turning to my analysis, I reject Plaintiff's objections. Plaintiff does not dispute or even address Magistrate Judge Boland's factual findings and legal conclusions in the

Recommendation. Instead, he sets forth numerous factual allegations without any basis or support. Plaintiff further attempts to explain why he chose not to file this lawsuit in 2003 for tactical reasons, acknowledging in part, that the events giving rise to this action occurred in 2003. Plaintiff offers no authority or supporting documentation for these assertions.

Therefore, I agree with Magistrate Judge Boland that Plaintiff's Constitutional claims (Claims One through Six) are time-barred. Magistrate Judge Boland's Recommendation on this issue is well reasoned and I adopt it. Accordingly, the objections are overruled. To the extent Plaintiff may assert other objections that are not specifically addressed herein, I find no merit to them, and I agree that the motions to dismiss are properly granted as to Plaintiff's Constitutional Claims (Claims One through Six).

B. <u>Supplemental Jurisdiction</u>

Claim Seven alleges various state law tort claims. I may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Based on his recommendation that Plaintiff's Constitutional claims (Claims One through Six) should be dismissed as time-barred, Magistrate Judge Boland recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law tort claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, he recommends that Claim Seven be dismissed without prejudice. No objections were filed to this part of the Recommendation which I affirm and adopt. I find that Magistrate Judge Boland's

Recommendation on Claim Seven claim is well reasoned and sound and agree that this claim is properly dismissed without prejudice.

    C.    Eleventh Amendment Immunity

Plaintiff also brings suit against Defendant Carol Chambers in her official capacity as the District Attorney for the Eighteenth Judicial District. Chambers asserts that she is entitled to Eleventh Amendment immunity. The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102-03,105-06 (1984). In light of my rulings that the Constitutional claims should be dismissed as they are barred by the statute of limitations, I need not address this issue. However, I do note that the Tenth Circuit has held that "the Office of the District Attorney . . . [is] entitled to Eleventh Amendment Immunity in this case." *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989).

III.    RECOMMENDATION NO. 2

In this Recommendation, Magistrate Judge Boland recommends that Plaintiff's Motion to File Second Amended Complaint be denied. As part of his analysis, Magistrate Judge Boland outlined the following procedural history of this case:

> The plaintiff filed his initial Complaint on September 8, 2009 [Doc. #1]. The defendants filed dispositive motions in response to the Complaint [Docs. #39, #42, #45, #47, #51, and #54]. On November 19, 2009, the plaintiff was permitted to amend his Complaint as a matter of right to 'clarify his claims' and to 'clarify facts pertaining to the statute of limitations' [Doc. #67]. Consequently, the defendants' dispositive motions were denied without prejudice. *Id.* The defendants again filed dispositive motions

> in response to the Amended Complaint [Docs. #77, #79, #82, #83, and #84]. I have issued a Recommendation to grant the motions and dismiss the case in its entirety [Doc. #115]. The plaintiff seeks leave to file a second amended complaint to add claims and once more 'clarify facts pertaining to the Statute of Limitation issue.' Motion, p. 2, ¶ 5.

(Recommendation at 2.)

A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After a careful and thorough review of the proposed Second Amended Complaint, Magistrate Judge Boland found it to be deficient for multiple reasons. First, Magistrate Judge Boland found the Second Amended Complaint to be "prolix and tedious" in violation of Fed. R. Civ. P. 8.[2] (Recommendation at 3.) Plaintiff also failed to specify how each Defendant is implicated in the twelve claims for relief. Instead, Plaintiff refers to the Defendants collectively.

Second, in Recommendation No. 1, Magistrate Judge Boland recommended dismissal of the Amended Complaint because Plaintiff failed to allege any plausible claim within the statutory period. In Recommendation 2, Magistrate Judge Boland

---

[2] Rule 8 requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).

-9-

determined that the proposed Second Amended Complaint "suffers the same deficiencies. It does not contain any new factual allegations relating to any specific unconstitutional acts occurring within the limitations period, nor does it present any reasonable argument for tolling the limitations period." (Recommendation at 4.) Thus, the amendment would be futile.

Third, Magistrate Judge Boland found Plaintiff's proposed amendment untimely. Plaintiff adds five new claims in the proposed Second Amended Complaint. However, Magistrate Judge Boland found that "[t]he plaintiff knew of the facts underlying these [new] claims at the time he filed his initial Complaint and his Amended Complaint because the new claims are based on the same alleged facts relied upon by the plaintiff for his other claims. The plaintiff has had ample opportunity to assert these claims in his initial Complaint and his Amended Complaint. The plaintiff does not provide any reasonable explanation for his failure to do so." (Recommendation at 5.) After carefully considering the applicable law and the relevant pleadings, Magistrate Judge Boland recommends that Plaintiff's Motion for Leave to File Second Amended Complaint be denied.

Plaintiff's objection largely consists of arguments related to the statute of limitations issue addressed in Recommendation No. 1. Plaintiff spends numerous pages reiterating his conclusory allegations against the Defendants and how they "continued" to violate his Constitutional rights after the alleged illegal search and seizure that took place in May 2003. These arguments were previously raised in connection with Recommendation No. 1 and rejected. Moreover, Plaintiff offers no supporting

evidence for his otherwise baseless accusations.

Plaintiff also argues that Magistrate Judge Boland should have considered the criteria set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) before recommending denial of his motion for leave to file a Second Amended Complaint. I reject this objection because *Ehrenhaus* is not applicable to the facts of this case. Magistrate Judge Boland did not dismiss Plaintiff's Amended Complaint based on violations of Fed. R. Civ. P. 8 or Fed. R. Civ. P. 41(b). In fact, Magistrate Judge Boland granted Plaintiff leave to file an Amended Complaint and subsequently accepted that complaint for filing despite numerous violations of Fed. R. Civ. 8. Instead, Magistrate Judge Boland recommends dismissal of this case because Plaintiff's Constitutional claims are barred by the applicable statute of limitations. Magistrate Judge Boland recommends denial of the Motion for Leave to File a Second Amended Complaint, in part, because the proposed Second Amended Complaint does not present any reasonable arguments for tolling the limitations period. Thus, even if Plaintiff were granted leave to file the Second Amended Complaint, the amendments would be futile — the Constitutional claims would still be subject to dismissal as time-barred by the statute of limitations.

Thus, I agree with Magistrate Judge Boland that Plaintiff's Motion for Leave to File Second Amended Complaint should be denied. Magistrate Judge Boland's Recommendation on this issue is well reasoned and I adopt it. Accordingly, the objections are overruled. To the extent Plaintiff may assert other objections that are not specifically addressed herein, I find no merit to them and agree that the Motion for

Leave to File Second Amended Complaint is properly denied.

IV. CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland ("Recommendation No. 1") (ECF No. 115) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' motions to dismiss (ECF Nos. 77, 79, 82, 83 and 84) are **GRANTED** to the extent they seek dismissal of Claims One through Six. It is

FURTHER ORDERED that Claim Seven is **DISMISSED WITHOUT PREJUDICE.** It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Boland ("Recommendation No. 2") (ECF No. 126) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 118) is **DENIED.**

Based on the foregoing, it is

ORDERED that this matter is **DISMISSED.**

Dated: September 2, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge