UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02138-WYD-BNB

WILLIAM WILSON,

      Plaintiff,

v.

CITY OF AURORA, COLORADO, et al.,

      Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on *pro se* Plaintiff William Wilson's Motion to Set Aside Judgment, Pursuant to Fed. R. Civ. P. 60(b)(2), (3), filed March 02, 2011 [ECF No. 141]. Because Plaintiff is *pro se*, this Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Nonetheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 110 (10th Cir. 1991).

By way of background, I note that on September 8, 2009, Plaintiff filed a complaint commencing this action. Affirming and adopting the recommendation of the Magistrate Judge, I dismissed the Plaintiff's claims as time-barred. I also declined to exercise jurisdiction over the state law claims, dismissing them without prejudice. Subsequently, Plaintiff filed a motion for leave to file an amended complaint and a

proposed second amended complaint.  The Magistrate Judge recommended denying Plaintiff's request.  On June 30, 2010, Plaintiff filed a Motion to Review and Set Aside Magistrate Judge's Recommendations [ECF No. 119].  Thus, I engaged in a *de novo* review of the Recommendation in light of the objections.  On September 2, 2010, I issued an Order Adopting and Affirming Recommendations of the Magistrate Judge [ECF No. 131].

Subsequently, Plaintiff filed an appeal with the United States Court of Appeals for the Tenth Circuit.  On February 8, 2011, after a full briefing of the appeal, the Tenth Circuit Court of Appeals affirmed my Order of Dismissal.  In response to the Tenth Circuit's unfavorable decision (dated February 16, 2011), the Plaintiff filed a Motion to Set Aside Judgment and for Remand Based on Newly Discovered Evidence which was later denied by the Tenth Circuit.  Plaintiff now brings a similar motion before me.

In the pending motion, Plaintiff seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) and (3) based on newly discovered evidence, fraud, misrepresentation, or misconduct of the Defendants.  Upon review of Plaintiff's motion, I find nothing therein that would justify setting aside the original judgment.

Relief from a judgment pursuant to Rule 60(b) is at the sound discretion of this Court.  *Valmont Indus., Inc. v. Enresco, Inc.*, 446 F.2d 1193, 1195 (10th Cir. 1971) (citation omitted).  Furthermore, it is an extraordinary form of relief and should only be given in exceptional circumstances.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Based on my review of the pleadings, Plaintiff has failed to convince this Court that his situation presents extraordinary circumstances.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (stating that

"[These] kinds of arguments must be addressed within the context of a Rule 59 motion."); *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (recognizing that revisiting issues that have been previously addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed is likewise inappropriate.")

Notwithstanding, Plaintiff also fails to provide sufficient evidence to satisfy the requirements under Rule 60(b)(2) and (3).  Rule 60(b)(2) provides that relief from judgment on the grounds of newly discovered evidence is proper, if "newly discovered evidence [exists] that, by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  Plaintiff fails to indicate that had the alleged evidence been discovered before the dismissal of the instant case, he would have moved for a new trial.  Instead, Plaintiff asserts that the newly discovered evidence combined with leave from this Court to amend the original complaint would support tolling the statute of limitations, thus making his original claims timely.  Plaintiff, however is not allowed to amend his original complaint through the pending motion to obtain relief from judgment.  Consequently, I find that Plaintiff's Rule 60(b)(2) motion is improper.

Pursuant to Rule 60(b)(3), Plaintiff alleges that Defendants knowingly and intentionally concealed discovery information that was necessary for him to fairly present his case.  A failure to disclose requested discovery material may constitute necessary conduct under Rule 60(b)(3), but only when the failure is in direct violation of a court order.  *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281 (10th Cir. 2005) (holding that the "failure to produce the documents does not qualify as newly discovered

evidence"); *see also Weese v. Schukman,* 98 F.3d 542, 552-53 (10th Cir. 1996) (stating that "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.") Here, the relevant pleadings do not indicate that this Court ever issued an order that the Defendants deliberately violated. Plaintiff alleges only that the information was not made available to him. Thus, I find Plaintiff's allegations to be insufficient under Rule 60(b)(3) to relieve him from the Court's previous judgment.

Accordingly, it is hereby,

ORDERED that Plaintiff William Wilson's Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(2), (3) Based on Newly Discovered Evidence, filed March 02, 2011 [ECF No.141] is **DENIED.**

Dated: June 8, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge